39 F.3d 1178
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mohamed Aly ABDU, Defendant-Appellant.
 No. 94-5027.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 28, 1994.
Decided October 27, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Senior District Judge. (CR-93-291-A)
 Claude D. Convisser, Alexandria, VA, for appellant.
 Helen F. Fahey, U.S. Atty., John T. Martin, Asst. U.S. Atty., William P. Joyce, Sp. Asst. U.S. Atty., Alexandria, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before WILKINSON and WILLIAMS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 
 OPINION
 PER CURIAM
 
 1
 Appellant, Mohamed Aly Abdu, was convicted by a jury of use of an altered passport or instrument purporting to be a passport in violation of 18 U.S.C. Sec. 1543 (1988). On appeal, Abdu argues that the district court erred in denying his motion for acquittal, denying his motion to suppress evidence, and instructing the jury that a photocopy of a passport fell within the scope of Sec. 1543. We reject Abdu's arguments and affirm the judgment and sentence below in all respects.
 
 
 2
 * At trial, the government introduced evidence that the INS instituted a temporary protective status ("TPS") program. TPS was designed to provide employment authorization to aliens from designated countries who could not return to their native country because of war or other threats to the aliens' safety. As part of the TPS application process the alien was required to prove nationality. The INS would accept either an original passport, which would then be photocopied and returned, or the alien could submit a photocopy of the passport in lieu of the original.
 
 
 3
 Abdu applied for TPS, submitting a photocopy of a Lebanese passport in his name. The passport represented in the photocopy, however, actually belonged to someone else. Additionally, the address Abdu gave in support of his TPS application did not exist.
 
 II
 
 4
 Each of Abdu's assignments of error depends upon the correct interpretation of Sec. 1543. This Court reviews questions of statutory interpretation de novo. In re Johnson, 960 F.2d 396, 399 (4th Cir.1992). Review necessarily begins with an analysis of the language of the statute. Landreth Timber Co. v. Landreth, 471 U.S. 681, 685 (1985). This Court must interpret a statute in accordance with the plain meaning of the words it uses. United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 242 (1989).
 
 
 5
 A person violates Sec. 1543 by willfully and knowingly using, or attempting "to use ... any false ... or altered passport or instrument purporting to be a passport." At trial the government did not produce the actual passport. Instead, the government introduced the photocopy submitted to the INS. Abdu argues that at most this established that he submitted an altered photocopy of a passport, which is neither a passport nor an instrumentality purporting to be a passport.
 
 
 6
 We reject Abdu's argument because under these circumstances a photocopy of a passport is an instrument purporting to be a passport within the plain meaning of Sec. 1543. Darron Yeldell, a legislative appeals officer with the INS, testified at trial that applicants for TPS could either submit their passport or a photocopy of a passport to prove nationality. This testimony showed that for TPS purposes, the INS accorded a photocopy of a passport the same legal significance as a passport. Moreover, to prove nationality for TPS purposes, Abdu submitted the photocopy representing it as a copy of his passport. Accordingly, the district court correctly interpreted Sec. 1543 to apply to Abdu's conduct.
 
 III
 
 7
 Abdu argues that the evidence was insufficient to sustain a conviction and that the district court erred in not granting his motion for acquittal. Additionally, Abdu argues that the district court erred in denying his motion to suppress the photocopy of the passport because the photocopy was not the best evidence under Fed.R.Evid. 1003. Finally, Abdu argues that the district court erred in instructing the jury that a photocopy of a passport was within the scope of Sec. 1543.
 
 
 8
 We reject each of these arguments because they depend on a misinterpretation of the plain meaning of Sec. 1543. The government's testimony showed that Abdu had submitted an altered photocopy of another person's passport to obtain TPS status. Because we have determined that under these circumstances a photocopy of a passport is an instrument purporting to be a passport, the evidence was sufficient to sustain a conviction. Additionally, because the photocopy of the passport was the instrumentality of the offense, it was the original document under Rule 1003. Finally, the jury instructions were consistent with the correct interpretation of Sec. 1543.
 
 
 9
 Abdu's allegations are meritless. Accordingly, we affirm the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the Court and argument would not aid the decisional process.
 
 AFFIRMED